THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS COOPER,<br><br>Plaintiff,<br><br>v.<br><br>HUNGRY BUZZARD RECOVERY, LLC,<br><br>Defendant. | CASE NO. C11-0280-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for summary judgment (Dkt. No. 17), Plaintiff's response (Dkt. No. 21), and Defendant's reply (Dkt. No. 26). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.   BACKGROUND

Plaintiff is an individual who has been a servicemember in the United States Army Reserve since 1984. (Dkt. No. 1 at 2.) Defendant Hungry Buzzard is a construction debris recycling company with its principal place of business in Mill Creek, Washington. (Dkt. No. 17 at 2.) Plaintiff served as Hungry Buzzard's General Manager from May 2005 until September 2009, when he reported for active duty with his reserve unit for a one-year tour of mobilization. (Dkt. No. 1 at 2-3.) Nine months into Plaintiff's tour of duty, Defendant informed Plaintiff that

his position no longer existed and that it would be impossible for the company to reemploy him. *Id.*

Plaintiff subsequently filed suit against Hungry Buzzard, alleging that he was unlawfully terminated during his military deployment in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301-4333. In response to Plaintiff's suit, Defendant Hungry Buzzard invoked a statutory exception to its obligations under USERRA, claiming that circumstances had so changed during Plaintiff's deployment as to make reemployment of Plaintiff impossible and unreasonable within the meaning of 38 U.S.C. § 4312(d)(1)(A). Defendant now moves for summary judgment.

## II.   APPLICABLE LAW

### A.   Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." An issue of fact is genuine if there is sufficient evidence for a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). At the summary judgment stage, evidence must be viewed in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in the nonmovant's favor. *Id.* at 255.

Where the plaintiff has the ultimate burden of proof, the defendant may prevail on a motion for summary judgment simply by pointing to the plaintiff's failure "to make a showing sufficient to establish the existence of an element essential to the case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). However, if the defendant is moving for summary judgment based on an affirmative defense for which it has the burden of proof, the defendant "must establish beyond peradventure *all* of the essential elements of the . . . defense to warrant judgment in his favor." *Martin v. Alamo Cmty. College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003) (emphasis in original); *see also Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1177 (9th Cir.

2006) (recognizing that a defendant bears the burden of proof at summary judgment with respect to an affirmative defense).

### B. Uniformed Services Employment and Reemployment Rights Act of 1994

The Uniformed Services Employment and Reemployment Rights Act of 1994 was designed to protect servicemembers from employment discrimination and to minimize disadvantages to their civilian careers and disruptions to their lives because of military service. *See* 38 U.S.C. § 4301. USERRA provides that a servicemember returning after a period of duty of more than 90 days is entitled to be reemployed "in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, or a position of like seniority, status and pay, the duties of which the person is qualified to perform." 38 U.S.C. § 4313(a)(2)(A).

While USERRA seeks to protect the livelihood of uniformed servicemembers, the Act also recognizes that situations exist where it may be impossible or unreasonable for a business to provide reemployment. For this reason, 38 U.S.C. 4312(d)(1)(A) provides that if "the employer's circumstances have so changed as to make such reemployment impossible or unreasonable," the employer is not required to reemploy a person under USERRA. The Act makes clear, however, that employers who seek to invoke this exemption bear the burden of proving the impossibility or unreasonableness of the obligation to rehire. 38 U.S.C. § 4312(d)(2).

### III. DISCUSSION

The fundamental factual question in this action is whether Defendant's circumstances had changed so much as to make reemployment of Plaintiff impossible or unreasonable within the meaning of 38 U.S.C. 4312(d)(1)(A). Defendant has the burden of proof to demonstrate that this affirmative defense applies pursuant to 38 U.S.C. § 4312(d)(2). Therefore, in order to prevail on summary judgment, Defendant must establish that there is no genuine issue of material fact with respect to the question of changed circumstances.

Viewing the evidence in the light most favorable to the Plaintiff, the Court finds that

Hungry Buzzard has failed to demonstrate the absence of a genuine dispute with respect to the question of changed circumstances. For example, while the Christiansen affidavit states that Hungry Buzzard "downsized significantly just to keep the doors open" (Dkt. No. 18 at 2), Defendant does not further elaborate on this statement, *e.g.* by providing specific information about the change in overall staffing levels or information about the number and type of employees who may have been let go. Such details are necessary for resolution of the issue as a matter of law since 38 U.S.C. § 4312(d)(1)(A) is understood to set out a "very limited exception to be applied only where reinstatement would require creation of a useless job or where there has been a reduction in the work force that would reasonably have included the veteran." *Lapine v. Town of Wellesley*, 167 F.Supp.2d 132, 138 (D. Mass. 2001); *see also* 20 C.F.R. § 1002.139. Without further details about the present and prior makeup of Defendant's work force, it is not possible to determine whether or not the purported reduction in Defendant's work force "would reasonably have included" the Plaintiff or if, on the contrary, Plaintiff was disadvantaged by virtue of his absence.

Similarly, while Defendant claims that it is "simply financially incapable of re-employing plaintiff in any capacity whatsoever" (Dkt. No. 17 at 6), without further examination into the nature of staffing at the company and the precise contours of Defendant's financial situation, there remains a material question of fact as to Plaintiff could have been reemployed by Hungry Buzzard in a suitable alternative role.

Furthermore, Defendant's assertion that its business has suffered as a result of the national economic decline (Dkt. No. 12 at 4) is not sufficient to demonstrate the absence of a genuine dispute with respect to whether Plaintiff could have been rehired. In general, a decline in workload or business has not been considered sufficient to deny reemployment to returning veterans. *See*, *e.g.*, *Lapine*, 167 F.Supp.2d at 138; *Dunlap v. Grupo Antolin Kentucky, Inc.*, 2007 WL 855335 at * 3 (W.D. Ky. 2007) (finding that "as a matter of law, mere low workload, layoffs, and a hiring freeze do not make reemployment impossible or unreasonable enough to

invoke the exemption of 38 U.S.C. § 4312(d)(1)(A)"). Likewise, while Defendant cites to its problems with debt as demonstrative of its financial incapability of rehiring Plaintiff (Dkt. No. 17 at 6), the Court finds that the existence of debt – though suggestive of financial difficulty – does not conclusively demonstrate as a matter of law that it would have been impossible or unreasonable to rehire Plaintiff.

In sum, the Court finds that there are genuine issues of fact in this case with respect to the question of whether it was truly "impossible or unreasonable" for Defendant to rehire Plaintiff.

**IV.  CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. No. 17) is DENIED.

DATED this 4th day of November 2011.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE